## In re HENVIS.

(Circuit Court, E. D. Pennsylvania.   October 28, 1903.)

### No. 28.

1. CONTEMPT—ALLEGED VIOLATION OF INJUNCTION—TRIAL OF QUESTION OF IN-
FRINGEMENT OF PATENT.

Where, in a proceeding for contempt against a defendant for in-
fringing a patent in violation of the court's injunction, the question
whether the article sold by defendant is an infringement is in dispute
and doubtful, it will not be determined on ex parte affidavits, but only
after a regular and orderly hearing.

Proceeding for Contempt.

Albert B. Weimer, for petition for order for contempt.
A. T. Johnson and A. B. Stoughton, for respondent.

J. B. McPHERSON, District Judge.   Whether or not the re-
spondent, Henvis, is again infringing the complainant's patents, is a
question that I am not willing to decide upon the affidavits before me.
In substance, the dispute arising upon the ex parte evidence resem-
bles the ordinary controversy where infringement is alleged by a
bill in equity and is denied by the answer.   The validity of the com-
plainant's patents has been conclusively determined by the decree
already made, and, upon a former proceeding for contempt, one form
of ventilator that the respondent sold since the entry of the decree
has been adjudged to infringe.   The kind of ventilator that is now
under consideration, however, differs in some respects from the kind
that has already been before the court, and is averred to conform
strictly to the device of an expired patent that is much earlier than
the patent of the complainant.   If this be true, the respondent is not
guilty of contempt, but I do not think that the evidence in support
of this averment is of a quality on which I ought to act.   There should
be a regular, orderly hearing, with an opportunity for cross-exam-
ination upon a subject of so much importance.

Accordingly, Jos. C. Fraley is hereby appointed examiner and mas-
ter to hear evidence on the question whether the ventilator now being
made by the respondent infringes the ventilator of the complainant,
and to report the testimony and his findings of fact and of law to the
court at his early convenience.